

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

May 23, 2006

**By U.S. Mail**
Rita Bosworth, Esq.
Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004

                Re:    United States v. Francisco Marrero
                       Criminal Case No. 06-117 (D.D.C)

Dear Counsel:

    I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure as well as a plea offer.

**I.    Charges and Plea Offer**

    Your client is currently charged with the following offenses: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

**II.    Discovery**

    **A.    Documents**

    Copies of the following documents are enclosed with this letter:

- Indictment (1 page)
- PD 163 (2 pages)
- PD 81 (gun) (2 pages)
- Gerstein (1 page)
- PD 251 (3 pages)
- PD 252 (1 page)
- Crime Scene Evidence Report (1 page)

- Certificate of Firearm Exam (1 page)
- Certificate of No License (1 page)
- Certificate of No Registration (1 page)
- Color photocopies of photographs (16 on 5 pages)
- PD 47 (1 page)

**B.    Evidence**

    **1.    Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Gun and ammunition
- Certificate of No License
- Certificate of No Registration
- Certificate of Firearm Examination
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred

    **2.    Radio Run Information**

The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the Jencks Act. Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

    **3.    Identification Evidence**

The government is not aware of any identification procedure used in this case.

    **4.    Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

    **5.    Reports of Examinations or Tests and Experts**

The government has provided the Certificate of Firearms Examination with this letter. The

government anticipates presenting testimony at trial that the gun seized in this case is a firearm, as defined by statute.

In addition, please be advised that the government may call a fingerprint expert to testify at trial. The expert may testify about the following subjects: the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the difficulties in recovering prints from surfaces such as plastic or guns. The government anticipates that the testimony will be provided by Crime Scene Officer Robert McCollum. The government may call George L. Anderson, III, as an expert. His qualifications include: 33 years as a fingerprint examiner (25 years at the FBI and 8 years at the MPD); a degree in criminology from American University; one year of FBI fingerprint school; FBI fingerprint seminars; and hundreds of thousands of fingerprint analyses. The government might also call Willie Higganbotham, Mary Jones, Charles Sanders, or another fingerprint specialist as its expert. The government believes these individuals have qualifications similar to those of Mr. Anderson. The government may also call an experienced Mobile Crime or Crime Scene Search evidence technician as an expert. This expert will testify about the methods used to recover or attempt to recover latent fingerprints from pieces of evidence, why recovering latent fingerprints from particular surfaces or items of evidence may be difficult, and the MPD (or other law enforcement) policies, practices, and procedures for recovering and processing latent fingerprints. Such an expert will base his or her testimony on their training and experience in evidence collection.

      **C.**      **RULE 404(b) EVIDENCE (known at this time)**

The government may seek to admit evidence pursuant to FRE 404(b). In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

      **D.**      **Defendant's Rule 16 Statements**

After waiving his Miranda rights, the defendant denied knowing anything about the gun but admitted that he had previously killed his brother. If the government becomes aware of any additional statements made by your client you will be notified in writing.

      **E.**      **Criminal Record**

Please refer to the Pretrial Services Report that you received (or will receive) at arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions.

      **F.**      **Government's Discovery Requests**

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a <u>Jencks</u> request for all prior statements of any defense witness (excluding the defendant);

- a <u>Lewis</u> request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G.    Alibi Demand

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H.    Other Information (<u>Brady</u> / <u>Lewis</u> / <u>Giglio</u>)

The government is unaware of any <u>Brady</u> or <u>Giglio</u> information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

**III. Contact Information**

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

Perham Gorji
Office of the United States Attorney
Federal Major Crimes Section
Room 4233
555 Fourth Street, N.W.
Washington, D.C.  20530

Office:     202-353-8822
Fax:        202-616-3782
E-mail:     perham.gorji@usdoj.gov

If you file any pleading in this case, please note that our zip code has changed recently to 20530.  Also, please fax any pleadings or correspondence so that we may be assured receipt of the document.

                                    Sincerely,

                                    KENNETH L. WAINSTEIN
                                  United States Attorney

By:
                                  PERHAM GORJI
                                  Assistant United States Attorney

cc: District Court Case File (without attachments)