**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  06-117 (GK)** |
| | : | |
| **FRANCISCO MARRERO** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**UNITED STATES' MEMORANDUM  IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 12 months of imprisonment, following by 2 years of supervised release.  In support thereof, the United States respectfully states the following:

Background

1.      On February 22, 2006, at approximately 10:38 p.m., Officers Zabavsky, Roeder and Snapko of the Metropolitan Police Department responded to the 1300 block of Girard Street, N.W., Washington, D.C., to respond to a call for an aggravated assault in progress.  The officers approached the defendant and a woman.  Both individuals were interviewed separately regarding the assault, and each stated they had been fighting for unknown reasons, but that they had stopped. During the interview, the defendant was repeatedly sliding his hand in and out of the pockets of his jumpsuit.  At one point during the interview, the officers observed a silver colored revolver fall out of the defendant's right front jumpsuit pocket and land on the sidewalk.  Upon examination of the firearm, the officers determined that the gun was an H & R Arms, Young America Revolver, double

action .22 caliber revolver, bearing serial number 31051, and containing five (5) live rounds of .22 caliber ammunition and one spent casing.  The defendant was placed under arrest.

2.      At the time of the incident, the defendant had previously been convicted on January 11, 1984, of second degree homicide in Circuit Court Eleventh Judicial Circuit of Dade County, Florida, Criminal Case No. 83-15516, an offense punishable by more than one year imprisonment. Neither the firearm nor ammunition recovered by the officers in this case was manufactured or produced within the District of Columbia.

3.      On May 4, 2006, the defendant was indicted on one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1) ("felon in possession of a firearm").

4.      To his credit, the defendant accepted responsibility at an early stage in this case and pled guilty on November 15, 2006, to the felon in possession charge pursuant to the government's plea agreement.  The government agreed not to oppose a reduction for early acceptance of responsibility or a sentence at the low end of the defendant's applicable range under the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G").

Statutory Penalties

5.      Pursuant to Title 18 United States Code, Section 924(a)(2), the felon in possession of a firearm charge carries a penalty of imprisonment of not more than 10 years, as well as a period of supervised release of not more than three years, pursuant to Title 18 United States Code, Section 3583, and a fine up to $250,000, pursuant to Title 18 United States Code, Section 3571.  A

mandatory assessment of $100 must also be imposed for the felony conviction pursuant to Title 18

United States Code, Section 3013.

## Sentencing Guidelines

6.      Under the Sentencing Guidelines, based on the information set forth in the

Presentence Investigation Report ("PSR"), the defendant's total offense level is 14.  U.S.S.G.

§§2K2.1.(a)(6)(A) and 3E1.1.  The defendant's criminal history is 2 points, placing him in criminal

history Category Two. U.S.S.G. Chapter 5, Part A.  Accordingly, the defendant's applicable range

of incarceration is 12 to 18 months of imprisonment.  The Sentencing Guidelines also provide for

a period of supervised release of at least two not more than three years, as well as a fine range from

$3,000 to $30,000.  U.S.S.G. §§5D1.2(a)(2) and 5E1.2(c)(3).

## Sentencing Recommendation

7.      The government recommends that the defendant be sentenced to 12 months

incarceration, followed by 2 years of supervised release.  The government's recommendation, which

falls at the low end of the defendant's applicable Sentencing Guidelines range, is reasonable.  In

United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory

application of the United States Sentencing Guidelines violates the Sixth Amendment.  The Court

invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code,

Section 3553(b)(1).  Booker, 124 S. Ct. at  764. The Court upheld the remainder of the Guidelines

as the most appropriate benchmark for informing courts as to the most reasonable sentence for a

particular defendant who has committed a particular crime.  Indeed, it remains the case that if the

sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court

must state in a written order of judgment and commitment the specific reason for the imposition of

a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

8.    In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)).   In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se.  Not only is a sentence within the Guidelines range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.  A sentence of 12 months incarceration, within the defendant's Sentencing Guidelines range, satisfies this goal.

9.    A sentence within the Sentencing Guideline range is not only presumptively reasonable for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal history and willingness to accept responsibility at an early stage in the case.  The recommended sentence of 12 months imprisonment is also supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a).  This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and

punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant.  Id.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 12 months of incarceration, followed by a 2 year period of supervised release.


Respectfully,

JEFFREY A. TAYLOR
United States Attorney


By: _____/s/_____
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782


CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Rita Bosworth, Esquire, Federal Public Defender, 625 Indiana Ave., N.W., Suite 550, Washington, DC 20004, this _29th_ day of January, 2007.


_____/s/_____
PERHAM GORJI, AUSA