IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 06-117 (GK) | |
| v. ) | | |
| ) | | |
| FRANCISCO MARRERO ) | | |
| ) | | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Mr. Francisco Marrero, through his counsel, Rita Bosworth, Assistant Federal Public Defender, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Marrero respectfully submits that he should receive a sentence below the advisory guideline range.

**BACKGROUND**

On May 4, 2006, the government filed a one-count indictment against Mr. Marrero, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The criminal conduct charged in the indictment occurred on February 22, 2006. Mr. Marrero was released on a personal recognizance bond on October 31, 2006, and he has been has been in full compliance with his conditions of release. Mr. Marrero is scheduled to be sentenced on February 7, 2007, at 4:15 p.m.

**DISCUSSION**

I.  **THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available,

2

the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

## II.  UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. MARRERO SHOULD RECEIVE A SENTENCE BELOW THE ADVISORY RANGE.

### A.  **Statutory Provisions**

Pursuant to the applicable statutes, there is no minimum term of imprisonment, and the maximum term of imprisonment is ten years for this Class C felony. 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

B.  Advisory Sentencing Guidelines

*(I)      Applicable Guideline Range*

The Probation Office, using the 2006 Edition of the <u>United States Sentencing Guidelines</u> has concluded that the Base Offense Level in this case is 12 and that Mr. Marrero's criminal history category is II, resulting in an advisory Guideline range of 12 to 18 months.

*(II)     Mr. Marrero's status as a "Deportable Alien" warrants a Downward Departure*

The Court should grant Mr. Marrero a downward departure from his advisory Guideline range of 12-18 months in light of his status as a deportable alien.  The D.C. Circuit has specifically held that a downward departure may be appropriate if a defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his confinement. *United States v. Smith,* 27 F.3d 649 (D.C. Cir. 1994).

Pursuant to 18 U.S.C. § 3624(c), prisoners in federal facilities have the right to participate in pre-release programs aimed at facilitating their re-entry into the community.  In *Lartey v. Dep't of Justice,* 790 F. Supp. 130 (W.D.LA. 1992), however, the court determined that the right to participate in such programs was unavailable to deportable aliens and applied only to prisoners being released into communities within the United States.

Because present law requires that a non-citizen convicted of a federal offense and sentenced to imprisonment must serve the entire sentence (minus statutory good time and time served) and precludes that individual from participating in certain programs while confined, it follows that Mr. Marrero faces more severe treatment in this case than he otherwise would by the Bureau of Prisons.  In accordance with the Circuit's holding in *Smith,* therefore, Mr. Marrero qualifies for a downward departure.

4

    (III)    *Mr. Marrero Should Receive a Downward Departure Based on His Poor Physical Condition*

Pursuant to USSG § 5H1.4, "an extraordinary physical impairment may be reason to depart downward." As the PSR demonstrates, Mr. Marrero suffers from high blood pressure. On January 22, 2007, Mr. Marrero was admitted to the Department of Emergency Medicine at Washington Hospital Center. See Attachment 1. He was diagnosed with Angioedema, which is a swelling that occurs underneath the skin. The Angioedema is in addition to Mr. Marrero's hypertension, which must be monitored closely with medication. Though 60 years is not old for a healthy individual, for someone with Mr. Marrero's physical condition, the combination of his age and his sickness warrant a downward departure.

    C.  **Other Factors**

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a), sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater

than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Mr. Marrero in no way wishes to diminish the seriousness of the offense, he notes that possession of a gun is not a violent crime, nor was any identifiable victim hurt as a result of his conduct.

*II. Characteristics of the Defendant*

As outlined in the PSR, Mr. Marrero grew up in Cuba as one of over twenty children in his family. He came to the United States in 1980 to make a better life for himself and his family, and he found work as a laborer. Mr. Marrero has many children who he cares for very much and supports in every way that he can. Three months ago, Miracle Marrero was born prematurely. Mr. Marrero diligently took care of her, and though a paternity test reveals that Mr. Marrero is not Miracle's father, he has continued to love her like his own child.

Mr. Marrero is someone who, though he has a somewhat difficult past, is a caring individual with a positive attitude who has accepted responsibility for this offense and would like to move forward with his life.

*III. The Court has Evidence that Mr. Marrero would succeed if released to the Community*

Should the Court choose not to incarcerate Mr. Marrero, it could rest assured that he would comply with the requisite conditions. Mr. Marrero has complied fully with his pre-trial conditions since he first appeared in this Court, and he has also been extremely diligent about keeping in touch with counsel and keeping up with all of his obligations in court.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Marrero asks the Court to give him a sentence below the advisory guideline range. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ex.105