HONORABLE GLADYS KESSLER, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

UNITED STATES OF AMERICA : Docket No.: <u>06-CR-117</u>

FEB 0 7 2007

vs. : SSN: _____

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARRERO, Franciso : Disclosure Date: <u>December 21, 2006</u>

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    1/3/07
Prosecuting Attorney              Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____    _____    _____    _____
Defendant            Date       Defense Counsel      Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>January 04, 2007</u>, to U.S. Probation Officer <u>Sherry Brandon</u>, telephone number <u>(202) 565-1327</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Gennine A. Hagar, Acting Chief
      United States Probation Officer



U.S. Department of Justice
United States Attorney
District of Columbia

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

# USAO-DC
# FAX
## Cover

| | | | |
|---|---|---|---|
| To: | Sherry Brandon | From: | Perham Gorji |
| Fax: | 202-273-0242 | Phone: | 202-353-8822 |
| Date: | January 4, 2007 | | |
| Re: | | | |
| Page(s): | 5 (five) including cover | | |

COMMENTS:

---

### U.S. ATTORNEY FACSIMILE COMMUNICATION

**WARNING:** *Information attached to this cover sheet is U.S. Government Property. If you are not the intended recipient of this information, disclosure, reproduction, distribution, or use of this information is prohibited. Please notify the originator immediately to arrange for proper disposition.*

**Receipt and Acknowledgment**  Page 2

See attached letter.

Signed by: _____
(Defendant/Defense Attorney/(AUSA))

Date: 1/3/07



U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

January 3, 2007

Sherry Brandon
United States Probation Officer
U.S. Courthouse
333 Constitution Avenue., N.W.
Washington, D.C. 20001
Phone: (202) 565-1327
Fax: (202) 273-0242

BY MAIL and BY FAX

      Re:   United States v. Francisco Marrero,
              Case No. 06-117 (GK)

Dear Ms. Brandon:

      I am in receipt of your Presentence Investigation Report (PSR) in the above-referenced case. As set forth below, the government is aware of the following inaccuracies in the PSR:

      Release Status (front page): It is the government's understanding that the defendant wilfully failed to appear. The defendant did not appear at the arraignment hearings because he was not notified of the arraignment after the initial complaint was dismissed on March 21, 2006, and he was released from prison in Case No. 06-mj-78.

      Page 4, Paragraph 5: For the reasons stated above, the government does not maintain that the defendant wilfully failed to appear.

      Page 6, Paragraph 19: The defendant's offense level should not be raised by 2 points for failing to appear. As stated above, the government has no evidence suggesting that the defendant was notified of the arraignment hearings. Accordingly, the enhancement for obstruction of justice under U.S.S.G. §3C1.1 does not apply in this case.

      Page 6, Paragraph 22: Because the defendant did not wilfully obstruct justice in failing to appear, he should receive a 2-point reduction in his offense level as a result of his early

acceptance of responsibility pursuant to U.S.S.G. §3E1.1. The government agreed to such reduction as part of its plea agreement with the defendant.

Page 6, Paragraph 23: Because the defendant's base offense level should not be enhanced by 2 points because he did not obstruct justice, and because he is entitled to a 2-point reduction for his early acceptance of responsibility, the defendant's total offense level is 12 under the Sentencing Guidelines.

Page 14, Paragraph 66: The defendant's total offense level is 12. Accordingly, the defendant's applicable Guidelines range for imprisonment is 12 to 18 months.

If you have any questions about the government's position, please give me a call at my office number, (202) 353-8822.

Sincerely,

Perham Gorji
Assistant U.S. Attorney
Delaware Bar No. 3737
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4233
Washington, D.C. 20530
(202) 353-8822
perham.gorji@usdoj.gov

2